IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEXTER GREER, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| DICKINSON FLEET SERVICES, LLC, ) | |
| ROBERT A. DICKINSON, AND ) | COLLECTIVE CERTIFICATION |
| PAT PEAVEY. ) | SOUGHT |
| ) | |
| Defendants. ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Dexter Greer (hereinafter "Plaintiff"), and files this lawsuit against Defendants Dickinson Fleet Services, LLC, Robert A. Dickinson, and Pat Peavey (hereinafter collectively "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees of Dickinson Fleet Services, LLC.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Dickinson Fleet Services, LLC is now, and at all times relevant to this action has been, a corporation conducting business within this judicial district; Plaintiff was employed by Defendants to perform services within this judicial district; and the unlawful employment practices described herein occurred at 6802 Buford Highway, Doraville, GA, 30340. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

5.

Defendants may be served with process by delivering copies of the summons and complaint to 6802 Buford Highway, Doraville, GA, 30340, which is the business address for Defendants as well as the address of Defendant Dickinson Fleet Services, LLC's registered agent, Robert A. Dickinson.

### III.  Parties

6.

Plaintiff is a citizen of the United States of American; a resident of the State of Georgia, residing at 164 Strickland Pasture Rd., Jackson, Georgia, 30233; and is subject to the jurisdiction of this Court.

7.

Plaintiff worked for the Defendants from April 2006 through April 2010 as a Mobile Technician.

8.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

9.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

10.

Defendants employed the named Plaintiff during the relevant time period.

11.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

12.

Defendant Dickinson Fleet Services, LLC is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Defendant Pat Peavey was Plaintiff's supervisor who had discretion over Plaintiff's payroll and overtime compensation. Defendant Pat Peavey had discretion to review Plaintiff's work schedule and hours worked. Defendant Pat Peavey had discretion to determine the methods of wage payment for the Plaintiff. Defendant Pat Peavey works both directly and indirectly in the interest of Dickinson Fleet Services, LLC and was in a supervisory position over the named Plaintiff.

14.

Defendant Robert A. Dickinson is the Chief Executive Officer of Dickinson Fleet Services, LLC.  Defendant Robert A. Dickinson had discretion over Plaintiff's payroll and overtime compensation.  Defendant Robert A. Dickinson had discretion to hire and fire Plaintiff.  Defendant Robert A. Dickinson had discretion to control Plaintiff's working conditions.  Defendant Robert A. Dickinson had discretion to set Plaintiff's wages.  Defendant Robert A. Dickinson had discretion to exercise significant control over Plaintiff and over the functions of Dickinson Fleet Services, LLC.  Defendant Robert A. Dickinson acts both directly and indirectly in the interest of Dickinson Fleet Services, LLC and was in a supervisory position over the named Plaintiff.

15.

Defendant Dickinson Fleet Services, LLC is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

16.

Defendant Pat Peavey is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

17.

Defendant Robert A. Dickinson is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

18.

Defendants are governed by and subject to FLSA § 4 and FLSA §7, 29 U.S.C. §204 and §207.

### IV.  Facts

19.

Plaintiff worked for the Defendants within the past three years.

20.

During Plaintiff's employment with the Defendants, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

21.

Plaintiff was instructed by Defendants to only report forty (40) hours per week unless he received prior approval to work overtime.

22.

Plaintiff received Earnings Statements that appear to obfuscate Plaintiff's regular rate of pay.

23.

Plaintiff received Earnings Statements that appear to obfuscate the number of hours Plaintiff worked in a workweek, including hours that Plaintiff worked over forty (40) hours in a workweek.

24.

Plaintiff received Earnings Statements wherein Plaintiff's wages do not appear to directly correlate to the hours that Plaintiff worked in a workweek, including hours over forty (40) that Plaintiff worked on occasions.

25.

Plaintiff sometimes received piecemeal wages for servicing work vehicles, which were reflected on Plaintiff's Earnings Statements as overtime earnings but which do not directly appear to correlate to hours that Plaintiff worked over forty (40) hours in a workweek.

26.

Plaintiff sometimes received wages at a flag rate of pay for a portion of hours worked over forty (40) hours in a workweek, which was reflected on Plaintiff's Earnings Statements as an efficiency bonus but which do not appear to directly correlate to an overtime rate of pay or to the number of hours that Plaintiff worked over forty (40) hours in a workweek.

27.

Plaintiff sometimes received wages in a given workweek for work performed in the preceding workweek, which was reflected on Plaintiff's Earnings Statements as either a measure of overtime earnings or an efficiency bonus but which do not appear to directly correlate to an overtime rate of pay or to the number of hours that Plaintiff worked over forty (40) hours in a workweek.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

28.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

29.

Defendants, individually and collectively, jointly and severally, have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

30.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount,

attorneys' fees, and the costs of this litigation.

## VI. Collective Action Certification

31.

The class is so numerous that joinder of all members is impracticable.

32.

There are questions of law or fact common to the class.

33.

The claims or defenses of the representative parties are typical of the claims or defenses of the class.

34.

The representative party will fairly and adequately protect the interests of the class.

35.

Questions of law or fact common to all members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII. Prayer for Relief

36.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)   Grant class certification; and

(E)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 22nd day of December, 2010.

                                             **BARRETT & FARAHANY, LLP**

                                             /s/ Amanda A. Farahany
                                             Amanda A. Farahany
                                             Georgia Bar No. 646135
                                             Attorney for Dexter Greer

1401 Peachtree Street
Suite 101
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile